**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PURNELL ELLIOTT WILLIAMS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-02061-RP** |
| | § | |
| **KAREN R SAGE AND BERNARD** | § | |
| **AMMERMAN,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Purnell Elliott Williams's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Williams is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

**I.      REQUEST TO PROCEED *IN FORMA PAUPERIS***

The Court has reviewed Williams's financial affidavit and determined Williams is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Williams' request for *in forma pauperis*

1

status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Williams is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Williams's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Williams has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Williams brings claims against Karen R. Sage, a Travis County District Judge, and Bernard Ammerman, a Travis County prosecutor, for violations of his Fourth, Fifth, and Fourteenth Amendment rights, as well as for negligence, gross negligence, intentional infliction of emotional distress, civil conspiracy, malicious prosecution, and fraud. Dkt. 1, at 7-11. Williams's claims stem from his ongoing state criminal prosecution, in which Ammerman serves as a prosecutor and over which Judge Sage presides. *Id.* at 7. Williams seeks damages, as well as an injunction barring Ammerman and Judge Sage from taking any further action against Williams in connection to that criminal prosecution in state court. *Id.* at 14-16. Both Ammerman and Judge Sage are entitled to immunity from Williams's claims for damages, and the *Younger* abstention doctrine otherwise bars his requests for declaratory and injunctive relief.

It is well-established that prosecutors have absolute immunity from liability for monetary damages for acts taken as advocates for the state. *Burns v. Reed*, 500

U.S. 478, 486 (1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Prosecutorial immunity applies even if the Plaintiff establishes that the prosecutor's "malicious or dishonest conduct deprived him of liberty." *Imbler*, 424 U.S. at 427. Williams alleges that Ammerman "knowingly advanced criminal proceedings without probable cause and with actual knowledge of exculpatory evidence," making clear that his claims against Ammerman relate to the decision to file criminal charges against Williams. Dkt. 1, at 1, 8; *Imbler*, 424 U.S. at 427. Thus, Ammerman's allegedly wrongful acts were undertaken in his role as an advocate for the state. *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003) (noting that even "the suppression of exculpatory evidence is shielded by absolute immunity"); *see also Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978) (finding prosecutorial immunity applicable "even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony") (citing *Imbler*, 424 U.S. at 409). Williams's claims for damages should be dismissed because Ammerman is protected from suit by absolute prosecutorial immunity.

As to Williams's request for declaratory and prospective injunctive relief against Ammerman, Dkt. 1, at 15, such requests fall within the *Younger* abstention doctrine. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) ("Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983."); *Lively v. Tharp*, No. SA-20-CA-1311-OLG (HJB), 2021 WL 2931440, at *1 (W.D. Tex. June 7, 2021) ("Under the doctrine

4

set out in *Younger*, federal courts generally abstain from interfering in ongoing state criminal proceedings 'except in the most unusual cases and only after there has been a showing of great and immediate harm.'" (quoting *Darnell v. Sabo*, No. 4:19-cv-00871-O-BP, 2020 WL 3442057, at *2 (N.D. Tex. June 1, 2020))), *R. & R. adopted*, 2021 WL 2930090 (W.D. Tex. June 29, 2021). "*Younger* abstention is required when: (1) there is an ongoing state proceeding that is judicial in nature; (2) the state has an important interest in regulating the subject matter of the claim; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenges." *Beck v. Austin*, No. SA-19-CV-00525-JKP, 2020 WL 1906096, at *1 (W.D. Tex. Apr. 17, 2020) (citing *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996)). Here, all three elements counsel in favor of abstention. *See* Dkt. 1; *Cain v. City of New Orleans*, 186 F. Supp. 3d 536, 549 (E.D. La. 2016) ("Pending criminal prosecutions are classic 'ongoing state judicial proceedings.'" (quoting *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008))); *Kolski v. Watkins*, 544 F.2d 762, 765 (5th Cir. 1977) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").[1]

"Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (citing *Mays*

---

[1] Moreover, Williams has not identified any "extraordinary circumstances" warranting a departure from *Younger*. *See* Dkt. 1; *Moore v. Sims*, 442 U.S. 415, 433 (1979) (recognizing that although "[t]he very nature of 'extraordinary circumstances,' of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings ... whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation" (citations omitted)).

*v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ceasar v. Methvin*, No. CV 6:17-0476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017) (citing *Mireles*, 502 U.S. at 11), *R. & R. adopted*, 2017 WL 2509655 (W.D. La. June 8, 2017). Here, Williams complains that Judge Sage "ignored filings, disregarded sworn affidavits, failed to require jurisdictional facts, and continued a prosecution rooted entirely in fraud." Dkt. 1, at 1, 7, 9. These actions were undertaken in the course of Judge Sage's exercise of her judicial functions; they are thus judicial in nature. *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (finding judge absolutely immune from claim that he conspired with others to suppress exculpatory evidence). Nor does Williams contend that any actions taken by Judge Sage were non-judicial in nature or performed in the "complete absence of all jurisdiction." *See* Dkt. 1; *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Williams's claims against Judge Sage should be dismissed.[2]

---

[2] As explained above, Williams's requests for declaratory and injunctive relief against Judge Sage also fail under the *Younger* abstention doctrine. *Beck*, 2020 WL 1906096, at *1 ("The *Younger* abstention doctrine bars federal courts from enjoining state criminal prosecutions.").

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Williams's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Williams's causes of action seeking damages with prejudice and his requests for prospective equitable relief without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

7